UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HECTOR PLATA                                      CIVIL ACTION

VERSUS                                            NO: 12-1793

TRITON DIVING SERVICES, L.L.C.,                   SECTION: "C" (4)
CONRAD INDUSTRIES, INC. AND
DALLAS INSURANCE COMPANY

ORDER

Before the Court is non-party, Colony National Insurance Company's, ("Colony") **Motion to Quash Subpoena Duces Tecum (R. Doc. 41)**, seeking an Order from this Court quashing a *subpoena duces tecum* propounded on it by Defendants, Triton Diving Services, LLC, ("Triton") and Conrad Industries, Inc., ("Conrad") (collectively, "Defendants").[1]  The motion is unopposed.  The motion was noticed for submission on May 22, 2013 and considered on the briefs on that date.

I.      **BACKGROUND**

Plaintiff, Hector Plata, ("Plata") has brought this maritime personal injury claim under "general maritime law," vessel negligence under 33 U.S.C. § 905(b), the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*, and in the alternative, La. Civ. Code art. 2315. (R. Doc. 1, p. 2).  Plata alleges that he was a welder-fitter for Shore Construction, L.L.C., ("Shore") and worked

---

[1]A third named Defendant in this case is Dallas National Insurance Company, ("Dallas").  However, Dallas did not join Defendants in propounding the *subpoena duces tecum* upon Colony.

at Conrad Shipyard performing ship repair work.  (R. Doc. 1, p. 2).  The work was allegedly within the scope of Plata's employment with Shore.[2] (R. Docs. 22, p. 6; 24, p. 6).  Plata alleges that he was unloading Trition's vessel while it was moored at Conrad Shipyard upon the request of Conrad's employees. (R. Doc. 1, p. 2).  Plata further alleges that while unloading the vessel, he fell into a hole in the barge that Conrad's employees had previously cut.  (R. Doc. 1, p. 3).  Plata alleges damages of pain and suffering; mental pain and anguish; permanent physical impairment and disability; loss of enjoyment of life; lost wages (past and future); and medical expenses (past and future). (R. Doc. 1, p. 4).

In their respective Answers, Defendants both argue that Shore was under a Master Service Agreement with Conrad.  (R. Doc. 22, p. 5; 24, p. 5).  The Master Service Agreement between Shore and Conrad stipulates that if an employee of Shore brings a claim against a customer of Conrad, Shore will defend and indemnify Conrad's customer.  (R. Docs. 22, pp. 5-6; 24, pp. 5-6).  Another stipulation of the Master Service Agreement between Conrad and Shore obligates Shore to obtain liability insurance providing coverage to both Conrad and Conrad's customers, which include Triton.  (R. Docs. 22, p. 6; 24, p. 6).  Defendants allege that Shore obtained a policy of liability insurance from Colony, however Shore has failed to defend or indemnify either Conrad or Conrad's customers. *Id.*

As to the instant motion, Colony seeks an Order from this Court quashing the *subpoena duces tecum* which defendants propounded on it on March 12, 2013. (R. Doc. 41, p. 1).  The subpoena was for production of records only and was accompanied by a Notice of Records Only Deposition on March 22, 2013.  (R. Doc. 41-2, p. 2).  The subpoena requested "copies of any and all documents obtained by, prepared by, and/or forwarded by Colony National Insurance Company to or from any

---

[2]Plata has not sued Shore in the instant matter. (R. Doc. 1, p. 1).

and all parties." (R. Doc. 41-2, p. 8). The subpoena was sent to Colony's alleged registered agent, National Registered Agents, Inc., ("NRAI") in Glen Allen, Virginia. Colony argues that the subpoena does not comport with Rule 45. (R. Doc. 41-1, p. 4). On March 22, 2013, Colony filed the instant motion, which is unopposed.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to attain their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court. . . . " *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 45, "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy" of the subpoena to any place listed in subdivisions (b)(2)(A)-(D). Rule 45(b)(1). Rule 45(b)(2) provides that a subpoena may be served at any place: (A) within the judicial district of the issuing court; (B) outside the district but within the 100-mile "bulge" from the location of the district court; (C) within the state of the issuing court consistent with state rules governing the power of state courts of general jurisdiction to issue trial subpoenas; or (D) any other place that the court authorizes, if a federal statute so provides. *Id.*

3

Rule 45 further states that, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at 45(c)(1).  A motion for a subpoena must be quashed or modified where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  *Id.* at 45(c)(3)(A).

A Court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."  *Id.* at 45(c)(3)(C).

III.   **ANALYSIS**

A.   **Non-Compliance with Geographical Limit Requirements**

Colony argues that the subpoena issued by Defendants requesting "copies of any and all documents obtained by, prepared by, and/or forwarded by Colony to or from any and all parties" is invalid.  (R. Doc. 41-2, p. 8).  Colony contends that the subpoena was sent by certified mail to its alleged registered agent, NRAI, in Glen Allen, Virginia.  (R. Doc. 41-1, p.4).  Colony argues that it failed to comply with Rule 45(b)(2)'s geographical service requirements, because the subpoena inspection was to take place in Metairie, Louisiana, approximately 1000 miles' distance from NRAI's address.  (R. Doc. 41-2, p. 5-9).

The Court notes that NRAI is not located within the State of Louisiana, and that it is more than 100 miles away from the place specified for the deposition.  (R. Doc. 41-2).  The Court has not otherwise authorized the service method present here.  The subpoena was served on the alleged

4

registered agent outside of the Rule 45(b)(2) imposed geographical limit requirements. *Id.* at 45(b)(2). Therefore the subpoena served on NRAI does not comport with Rule 45(b)'s geographical limit requirements and it is invalid.

### B.      Non-Compliance with Personal Service Requirements

Although not argued by Colony, the Court finds that the subpoena in this matter is also defective because Defendants failed to personally serve the subpoena under Rule 45(b).

Rule 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena.  Serving a subpoena requires delivering a copy to the named person. . . ." *Id.* at 45(b)(1). The Fifth Circuit has held that personal service of a subpoena is required.  *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance.").  *See also Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena"); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583, *1 (E.D. La. 2008) (finding that service of subpoena for records propounded on a non-party was improper where, *inter alia*, subpoena was sent by certified mail and not personally served).

In the instant case, Defendants served the subpoena upon an alleged registered agent by certified mail on March 12, 2013.  (R. Doc. 41-2, p. 1).  As stated above, the Fifth Circuit has interpreted Rule 45's requirement of service to be personal, therefore service by certified mail is invalid.  *Omikoshi*, 2008 WL 4829583, at *1.  As such, the Court finds that Defendants failed to satisfy Rule 45(b)'s personal service requirement, thereby invalidating the subpoena.

5

### C.      Non-Compliance with Notice Requirements

Finally, the Court finds that Defendants also failed to comply with the requirement of providing notice.  Rule 45 provides that, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party."  Rule 45(b)(1).  Although the Rule is silent as to what "notice" must be required, other courts in this District have found this condition unsatisfied where "the subpoena was not filed electronically in this court, by which plaintiff would have received notice, nor do either [defendant's] cover letter to [non-party] or the subpoena itself indicate that they were ever served on plaintiff's counsel."  *Omikoshi*, 2008 WL 4829583, at *1.

Here, there is no evidence showing that Colony received notice before the subpoena was served.  Moreover, neither Defendants' cover letter to Colony nor the subpoena itself indicate that any notice was ever given to Colony or Colony's counsel.  (R. Doc. 41-2).  As such, the subpoena is invalid.

## IV.     CONCLUSION

Accordingly,

**IT IS ORDERED** that non-party, Colony National Insurance Company's, ("Colony") **Motion to Quash Subpoena Duces Tecum (R. Doc. 41**) is **GRANTED.**

New Orleans, Louisiana, this 20th day of June 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**