UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HECTOR PLATA                                CIVIL ACTION NO. 12-cv-1793

VERSUS                                      SECTION "C"

TRITON DIVING SERVICES
LLC, ET AL                                  HON. HELEN BERRIGAN

*Pertains to 14-0131*

### Order and Reasons

Before the Court is defendant, Midwest Insurance Agency Inc.'s ("Midwest") Motion to Dismiss and Second Motion to Dismiss. Rec. Docs. 92, 145. Plaintiff, Shore Construction, LLC ("Shore") opposes Midwest's motions. Rec. Docs. 111, 148. The motion is before the Court on the briefs and without oral argument. Having considered the memoranda of counsel, the record, facts, and applicable law, the Court DENIES Midwest's motions for the reasons discussed herein.

I.    **Factual background**

This action arises out of the alleged breach of business relationship and/or contract between the plaintiff, Shore, and the defendants, Risk Management Underwriters, Inc. ("Risk

Management"), Midwest, and CRC Insurance Services, Inc. ("CRC"). Shore contracted with Risk Management to obtain insurance covering its business activities. Rec. Doc. 105-4 at 2. Risk Management then contacted CRC and Midwest for assistance. Rec. Doc. *Id*. Shore claims that it provided Risk Management and Midwest with a Master Service Agreement ("MSA") between it and Conrad Industries, to which it provided employees for work in the marine industry. Rec. Doc. 1-1 at 3. Shore also claims that it supplied Risk Management and Midwest with the following description of its work:

> [Shore] supplies our employees to our clients to perform specific job tasks within the oil and marine industry. These tasks include welding, fitting, rigging, helpers, and burners to work on platforms, jackets, skids, modules, ships, tugs, boats, barges, etc…

Rec. Doc. 1-1 at 4.

Defendants ultimately procured a Colony Insurance Company Commercial Policy with policy number AR5360905 with effective dates of June 1, 2010 to June 1, 2011 for Shore. Rec. Doc. 93-3. The policy included several dozen forms, including a Maritime Operations Exclusion and Watercraft Amendment. Rec. Doc. 93-3 at 11.[1] Shore claims that because of these exclusions, it was denied coverage for costs arising from defending a personal injury lawsuit by its employee, Hector Plata, who was injured while working at Conrad's Shipyard. Rec. Doc. 134 at 3; 1-1 at 4-5. Shore also claims that since then, a second employee, Francisco Villareal, has filed suit for injuries sustained while working for Conrad, and Shore expects that Colony will likewise deny coverage, requiring Shore to shoulder further costs. Rec. Doc. 1-1 at 5.

On December 6, 2013, Shore commenced this action in state court alleging 1) breach of fiduciary duties and 2) negligent misrepresentation. Rec. Doc. 105-4 at 2-3. The action was subsequently removed to this Court. Rec. Doc. 1. The Court has since dismissed Shore's claims

---

[1] The copy of the policy attached to the Motion for Summary Judgment references the "Maritime Operations Exclusion" in its "Schedule of Forms and Endorsements," but does not include the form itself. Rec. Doc. 93-3.

2

against CRC. Rec. Doc. 159. Midwest now moves the Court to dismiss Shore's claims against it. Rec. Docs. 92, 145.

## II.     Standard of review

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

### III. Law and Analysis

Midwest advances several arguments for why the Court should dismiss Shore's claims against it. In its first motion, Midwest argues that Shore has failed to state a claim for breach of fiduciary duty and negligent representation under Louisiana law. Rec. Doc. 92-1 at 5, 8. In its second motion to dismiss as well as a supplemental memorandum, Midwest also argues that Shore's claims are preempted. Rec. Docs. 94, 145.

#### a. Peremption

Midwest argues that under Louisiana law, actions against insurance agents are preempted after one year. La. R.S. §9:5606(A) provides:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Shore responds that Midwest was not a licensed insurance agent or broker at the time it procured coverage for Shore, and thus does not fall under the purview of La. R.S. 9:5606. Rec. Doc. 148 at 3.

The Court finds that La R.S. 9:5606 does not apply. The statute covers actions against "any insurance agent, broker, solicitor, or other similar licensee under this state." (Emphasis added). Louisiana's Insurance Code provides:

> "Insurance producer" or "producer" shall mean a person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance, and includes all persons or business entities otherwise referred to in this Code as "insurance agent" or "agent", or "insurance broker" or "broker", or "insurance solicitor" or "solicitor", or "surplus lines broker".

4

La. R. S. 22:1542. As this provision of the Insurance Code shows, brokers and agents are classified as insurance producers who are required to be licensed. *See Murray v. Cannon Cochran Management Services, Inc.*, Civ. A. 14-310, 2014 WL 5794997, *7-*8 (M.D. La. Nov. 6, 2014) (applying definitions for insurance broker found in La. R. S. 22:1542 to interpret La. R. S. 9:5606). Thus, a plain reading of Louisiana statutory law leads the Court to conclude that unlicensed entities do not fall within the ambit of 9:5606. Furthermore, the Court is persuaded by the principle that when interpreting prescriptive and peremptive statutes, courts should construe in favor of maintaining enforcement of the action. *Murray* 2014 WL at *5-6 ([P]eremptive statutes are to be construed against prescription and peremption and in favor of the claim that is to be extinguished."). Therefore, the Court finds that because Midwest was not licensed at the time that it provided services to Shore, actions against Midwest are not regulated by La. R. S. 9:5606.

It remains for the Court to determine whether to apply the prescriptive period for a breach of contract claim or a tort claim. Rec. Doc. 111 at 14. Delictual or tort actions are subject to a liberative prescription of one year. La. Civ. Code Art. 3492. Breach of contract claims are personal actions which are subject to a liberative prescription of ten years. La. Civ. Code Art. 3499. The Supreme Court of Louisiana has held that "[i]t is the nature of the duty breached that should determine whether the action is in tort or in contract." *Roger v. Dufrene*, 613 So.2d 947, 948 (La. 1993).

Typically, Louisiana courts have classified actions against insurance agents as tort actions. For example, in *Karam v. St. Paul Fire & Marine Ins. Co.*, the state supreme court characterized an insurance agent's failure to procure coverage in the amount requested as a tort action. 281 So.2d 728, 730-31 (La. 1973). In *Roger v. Dufrene*, the state supreme court held that

an action against an insurance agent sounded in tort, unless the agent "warranted the specific result of obtaining the requested coverage" or "did nothing at all." 613 So.2d at 950. The court reasoned that in the absence of a warrant for a specific result, insurance agents assumed a duty of "reasonable diligence," a breach of which "results in an action in negligence." *Id*. at 949.

Here, Shore alleges that it engaged Risk Management which in turn engaged Midwest to assist it in procuring insurance for Shore. Rec. Doc. 1-1 at 3. Shore further alleges that Midwest and Risk Management "made representations to Shore that they would procure proper insurance sufficient to provide coverage for the business risks specifically explained to them by Shore." Rec. Doc. 105-4 at 2. Finally, Shore claims that it provided Midwest with a specific description of its work which stated that Shore provided employees to clients to "perform specific job tasks within the oil and marine industry" and that these tasks included "welding, fitting, rigging, helpers, and burners to work on platforms, jackets, skids, modules, ships, tugs, boats, barges, etc. . . ." Rec. Doc. 105-4 at 2. Applying the standard of review for a motion to dismiss to these allegations, which requires the Court to take all well-pleaded allegations as true and to draw all reasonable inferences in favor of the plaintiff, the Court finds that Midwest did warrant a specific result. Specifically, under the facts alleged in the complaint, Midwest warranted that it would procure insurance to cover the full range of Shore's particular business activities, after receiving Shore's description of what these business activities entailed. Thus, the ten-year prescriptive period for breach of contract applies.

### b.  Breach of fiduciary duty

To prevail on a claim for breach of fiduciary duty, Shore must prove: 1) an undertaking or agreement by the insurance agent to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly

6

if he has failed to obtain the insurance; and 3) actions by the agent warranting the client's assumption that the client was properly insured. *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-30 (5th Cir. 1990). Midwest does not dispute that there was an agreement between Midwest and Shore for Midwest to procure insurance. Rather, Midwest argues that Shore has failed to allege that it specifically inquired about a particular type or amount of coverage, and that in Louisiana an insurance agent has no duty to "spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." Rec. Doc. 92-1 (quoting *Dobson v. Allstate*, Civ. A. 06-0252, 2006 WL 2078423, *10 (E.D. La. Jul. 21, 2006).

While an insurance agent is under no duty to "spontaneously identify" the client's needs, it is required to "provide coverage for the client's specific concerns." *Offshore Production Contractors*, 910 F.2d at 230. The Fifth Circuit has held that:

> [A]n insurance agent is more than a "mere order taker" for the insured. . . Where an agent is familiar with the insured's business, has reason to know the risks against which an insured wants protection, and has experience with the types of coverage available in a particular market, we must construe an undertaking to procure insurance as an agreement by the agent to provide coverage for the client's specific concerns.

*Id*. The Fifth Circuit further specified that if "a client directly informs the broker about a particular risk, reasonable diligence requires the broker to address that specific risk, and to determine which insurance company can provide the desired coverage." *Id*. at 231.

Following the Fifth Circuit's guidance, the Court finds that Shore has sufficiently alleged a failure by Midwest to use reasonable diligence. According to Shore's complaint and amended complaints, Shore provided Midwest with a specific description of the type of work in which it engaged. The description included an explicit reference to marine industry work and work aboard marine vessels. Rec. Doc. 105-4 at 2. Contrary to Shore's wishes, Midwest procured a

policy with a "Maritime Operations Exclusion" and a "Watercraft Amendment," which Shore alleges excluded coverage of many activities that Shore had notified Midwest its employees performed. Rec. Doc. 134 at 2.  Under the facts alleged, Midwest was familiar with Shore's business and knew of the risks against which Shore wanted protection, but failed to obtain the coverage that addressed Shore's concerns. Thus, Midwest failed to use reasonable diligence in procuring insurance coverage.

The cases to which Midwest cites are inapposite. In *Dobson v. Allstate*, the court found that plaintiffs would be unable to prevail on a claim of negligent misrepresentation, not breach of fiduciary duty. 2006 WL at *12. The other cases to which Midwest cites are distinguishable because they hold that insurance agents need not independently assess a client's needs, whereas in the instant action Shore informed Midwest of the extent of coverage that it sought.[2]

Finally, Shore has alleged actions by Midwest warranting Shore's assumption that the desired coverage had been procured. According to Shore's third amended complaint, Midwest "ensured Shore that the subject policy contained maritime employers liability coverage, with an In Rem endorsement and the Watercraft exclusion deleted. . ." (sic). Rec. Doc. 134 at 2. Thus, the Court finds that Shore has stated a claim for breach of fiduciary duty.

### c. Negligent misrepresentation

Midwest also argues that Shore has failed to state a claim for negligent misrepresentation. Rec. Doc. 92-1 at 8. In order to recover for negligent misrepresentation, Shore must show 1) a

---

[2] In *Whitehead v. State Farm Ins. Co.*, plaintiffs claimed the agent "should have assessed their insurance needs" and the court pointed out that plaintiffs had not alleged that they had "requested a specific type or amount of coverage that [the agent] failed to provide." Civ. A. 06-8115, 2006 WL 3747520, *1-*2 (E.D. La. Dec. 15, 2006). *Cameron Parish Schoo. Bd. V. State Farm Fire and Cas. Co.* involved an action against an insurance agent who had failed to maximize plaintiff's flood insurance coverage, rather than including provisions that excluded a type of coverage altogether. 560 F.Supp.2d 485 (W.D. La. 2008). In *Frischhertz v. Lexington Ins. Co.*, the court considered the failure of an agent to disclose that the client was underinsured, and distinguished the case from that of an insurance failing to obtain the type of coverage requested by an insured. Civ. A. 06-5676, 2006 WL 3228385, *1 (E.D. La. Nov. 3, 2006).

legal duty to supply correct information; 2) breach; and 3) damages resulting from justifiable reliance on the misrepresentation. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 n. 38 (5th Cir. 1993). Midwest challenges that Shore has failed to show a breach, asserting that Shore's petition "does not allege any facts establishing that the Defendants, including Midwest, made any negligent representations or omissions." Rec. Doc. 92-1 at 8. However, since the filing of Midwest's motion to dismiss, Shore has amended its complaint. The complaint now includes the allegation that defendants "ensured Shore that the subject policy contained maritime employers liability coverage, with an In Rem endorsement and the Watercraft exclusion deleted." Rec. Doc. 134 at 2. Midwest does not challenge the remaining elements of Shore's negligent misrepresentation claim. Thus, the Court finds that Shore has stated a claim of negligent misrepresentation.

Accordingly, IT IS ORDERED that Midwest's motions to dismiss are DENIED. (Rec. Docs. 92, 145)

New Orleans, Louisiana, this 7th day of July, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE