UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HECTOR PLATA** | **CIVIL ACTION NO. 12-1793**<br>**C/W 14-0131** |
| **VERSUS** | **SECTION C(4)** |
| **TRITON DIVING SERVICES LLC, ET AL** | **HON. HELEN BERRIGAN** |

### Order and Reasons

Before the Court is defendant, CRC Insurance Services, Inc.'s ("CRC's") re-urged motion for summary judgment. *See* Rec. Docs. 93 and 168. The Court previously issued an order granting CRC's motion; however, after the parties advised the Court of irregularities related to discovery, the Court subsequently withdrew the summary judgment order and issued an order compelling the parties to preserve all electronically stored information in the parties' possession. *See* Rec. Docs. 159 and 162. On June 26, 2015, CRC filed an unopposed notice of compliance with the Court's preservation order. *See* Rec. Doc. 163. CRC re-urged the motion for summary judgment on August 20, 2015. *See* Rec. Doc. 165. Plaintiff, Shore Construction, LLC ("Shore") opposes CRC's re-urged motion. *See* Rec. Doc. 170. CRC filed a reply to Shore's opposition. Rec. Doc. 175.

The Court now summarizes the arguments of the parties on this re-urged motion for summary judgment and reaches the conclusion that, because the fact remains that wholesale broker CRC had no direct contact with Shore, summary judgment for CRC remains appropriate as a matter of Louisiana law.

**I.    Arguments on the Re-Urged Motion for Summary Judgment**

In re-urging its motion for summary judgment, CRC primarily relies on the Court's earlier stated reasoning that, because CRC was as a wholesale broker that never communicated

1

directly with Shore as an insurance customer, Shore has no possibility of recovery against CRC. *See* Rec. Doc. 165-1. CRC argues that it has complied completely with the Court's orders regarding the possible alteration issue and that no party contends—and nothing in the record supports—that CRC ever communicated directly with Shore. *See id.* at 3

Shore counters that whether an insurance broker in any particular transaction acts as an agent is a question of fact and that material disputes of fact remain as to whether CRC actually was acting as an agent. *See* Rec. Doc. 170 at 6 (citing *Colvon v. Novastar Mortgage, Inc.*, Civ. A. 06-10535, 2007 WL 2874784, *2 (E.D.La. 2007)*, and In re Cameron Parish Rita*, 2007 WL 1695716 (W.D.La. 2007)). Noting the absence of Louisiana case law specifically on this point, Shore cites to decisions regarding New York state law indicating a wholesale broker might have a duty as an agent under some circumstances, even when there is no privity. *See Chandler v. H.E. Yerkes & Associates, Inc.*, 784 F.Supp. 119, 123–24 (S.D.N.Y. 1992).

## II.     Analysis

Based on its prior analysis of Louisiana law, the undisputed nature of the material facts at issue, and the arguments now put forth by the parties, the Court concludes again that Shore has no possibility of recovery against CRC. The Court's analysis in its initial summary judgment order made clear that, as a matter of Louisiana law, an insurance customer has no possibility of recovery against a wholesale broker who has no direct communications with the insurance customer. *See* Rec. Doc. 159 at 8–9. The validity of the Court's analysis is not disturbed by the cases cited by Shore in its opposition to CRC's re-urged summary judgment motion. *See* Rec. Doc. 170 at 6–8. Indeed, the court in *Colvon* noted the possibility of a wholesale broker being held liable as an agent only to then conclude that the wholesale broker in question was not an agent in large part because nothing in the record indicated it had ever had direct communications

with the insurance customer. *See Colvon*, 2007 WL 2874784 at *2*3. The analysis of the magistrate judge in *In re Cameron Parish Rita* related to a significantly different agent / broker relationship than the one here. *See* 2007 WL 1695716 at *1–*2.

For the purposes of this re-urged motion, Shore squarely admits that "CRC, as a wholesale broker of insurance services, did not have any direct communication with anyone at Shore during the process of procurement of the Colony policy." *See* Rec. Doc. 170-1. The Court is of the opinion that the analysis and reasoning of its initial order remains on point.

Accordingly,

IT IS HEREBY ORDERED, that CRC's motion for summary judgment is GRANTED, and Shore's claims against CRC are DISMISSED WITH PREJUDICE. Rec. Doc. 93.

New Orleans, Louisiana, this 5th day of October, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE